UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:15-CR-00017-GNS

UNITED STATES OF AMERICA                                                             PLAINTIFF

v.

JOHN MICHAEL ENGLISH                                                               DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion to Revoke Detention Order (DN 31) filed by Defendant, John Michael English ("English"). The motion has been fully briefed and is ripe for decision. For the reasons stated below, the motion is **DENIED**.

### I.    BACKGROUND

Defendant was arrested on June 27, 2015 following a traffic stop initiated by the Bowling Green Police Department after a makeshift explosive device was found in his vehicle. (Def.'s Mot. to Revoke Detention Order 1, DN 31 [hereinafter Def.'s Mot]). On July 1, 2015, Magistrate Judge H. Brent Bennenstuhl ordered that Defendant be released on bond from the custody of the United States. (Def.'s Mot. 1). As a condition of bond, English was instructed to report to the U.S. Probation Office for supervision, including random testing for prohibited substances. On July 17, 2015, a random urine sample submitted by English tested positive for methamphetamine and marijuana. (Def.'s Mot. 2). English refused drug testing on July 27, 2015. (Def.'s Mot. 2). (Def.'s Mot. 2). A hearing was held before Magistrate Judge Brennenstuhl on July 29, 2015, and the Court subsequently entered an order revoking English's bond. (Order, DN 21).

## II. STANDARD OF REVIEW

The Court uses four factors in determining whether there are conditions of release that will "reasonably assure" the appearance of a defendant and the safety of the community. *See* 18 U.S.C. § 3142(g). These four factors under Section 3142(g) include:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g)(1)-(4). If the Court concludes that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the person shall be detained prior to trial. 18 U.S.C. § 3142(e). Such a finding must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f).

## III. DISCUSSION

The Magistrate Judge's concerns regarding English's likelihood of injuring the community while on bond are well-founded. It is uncontested that English committed multiple

bond violations by failing a court-ordered drug test and refusing another test less than a week later. (Def.'s Mot. 2). English contends that the risks associated with his release may be mitigated by "drug screenings and curfew", but his failed drug tests on July 17, 2015, and his refusal to test on July 22, 2015, indicate such conditions would be futile. (Def.'s Mot. 1-3). While English argues he is a drug addict seeking recovery, this is not a valid excuse for ignoring bond conditions. *See United States v. Crane*, No. 5:15-005-DCR, 2015 WL 4424957, at * 4 (E.D. Ky. July 17, 2015) (finding any drug use in violation of conditional release is sufficient to revoke a detention order).

English has exhibited continued disregard for the Court's bond conditions in less than one month of release, and the Court sees no reason why this would change. Further, English's offense charged is one involving a "destructive device" under Section 3142, which weighs in favor of detainment. *See* 18 U.S.C. § 3142(g)(1). English's continued drug addiction to methamphetamine and marijuana, alleged possession and detonation of dangerous explosive devices, past criminal conviction for felony burglary, and flagrant disregard for bond conditions in such a short period are all factors which weigh in favor of denying his pre-trial release. (Pl.'s Resp. to Def.'s Mot. to Revoke Detention Order 1-3, DN 32). For these reasons, the United States has proven by clear and convincing evidence that English is not entitled to pre-trial release.

Finally, the Court finds no additional value in granting a hearing for this matter as the record indicates that English poses a significant risk to the community and is likely continue to disregard bond conditions. English has already received a hearing before Magistrate Judge Brennenstuhl and raises no new factual issues on review. The Court must review the Defendant's motion "promptly" but is not required to grant yet another hearing on this matter. *See* 18 U.S.C. §

3145(b). Therefore, the Court finds that English's Motion to Revoke Detention Order is denied, and he is not entitled to an additional hearing on this matter.

## IV. CONCLUSION

For the forgoing reasons, **IT IS HEREBY ORDERED** the Defendant's Motion to Revoke Detention Order (DN 31) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
December 21, 2015

cc: counsel of record